IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOROTHY FLEMING                                                                         PLAINTIFF

vs.                                       Civil No. 1:23-cv-01022

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                            DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Dorothy Fleming ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

1. **Background:**

Plaintiff protectively filed her disability applications on June 4, 2020. (Tr. 28). In these applications, Plaintiff alleges being disabled due to high blood pressure, high cholesterol, type 2 diabetes, deterioration of the spine, stomach ulcers, neuropathy in her hips, severe anxiety, and heart attacks with six stents in her heart. (Tr. 320). Plaintiff alleges an onset date of August 25, 2019. (Tr. 28). These applications were denied initially and again upon reconsideration. (Tr. 28).

Plaintiff requested an administrative hearing on her denied applications, and this hearing

request was granted. (Tr. 45-56). Plaintiff had two administrative hearings. (Tr. 45-83). Plaintiff's first administrative hearing was held on July 20, 2021. (Tr. 45-56). Plaintiff's second administrative hearing was held on November 18, 2021. (Tr. 57-83). At this second hearing, Plaintiff was present and was represented by counsel, James Miners. *Id.* Plaintiff and Vocational Expert ("VE") Beverly Majors testified at this hearing. *Id.*

On March 28, 2022, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 25-44). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2024. (Tr. 30, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 25, 2019, her alleged onset date. (Tr. 30, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hernia; degenerative disc disease; diabetes mellitus; hypertension; chronic obstructive pulmonary disease ("COPD"); and coronary artery disease. (Tr. 30-33, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 33, Finding 4).

In the decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 33-37, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with occasional exposure to fumes, odors, dusts, gases, and poor ventilation.

*Id.* The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 27, Finding 6). Considering her PRW, the ALJ determined Plaintiff retained the capacity to perform her PRW as a front desk

clerk and hotel clerk. *Id.*

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. (Tr. 1-7). On January 27, 2023, the Appeals Council declined to review the ALJ's disability determination. *Id.* On March 27, 2023, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12, 14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The

Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff raises the following two issues for reversal: (A) the ALJ erred in considering the supportability and consistency factors in determining the persuasiveness of Dr. Newsome's medical opinion and the findings of the state agency medical consultants; and (B) the ALJ's RFC finding is not supported by substantial evidence in the record. ECF No. 12 at 1-33.

Because the Court finds the ALJ did not properly consider Plaintiff's medical sources in accordance with the requirements of 20 C.F.R. § 404.1520c(c)(1) and 20 C.F.R. § 416.920c(c)(1), the Court finds this case must be reversed and remanded.

On January 18, 2017, the SSA adopted new rules which, for claims filed after March 27, 2017, modify the "treating physician" rule. Because this claim was filed on June 4, 2020, this new rule applies here. Under the new rule, the ALJ is required to consider consider factors such as the supportability of the medical source's opinion, the consistency of that opinion, the relationship of the claimant to the medical source, and specialization of the medical source. *See* 20 C.F.R. §§ 404.1520c(c) and 416.920c(c). Under these new regulations, the SSA "will consider" these factors. *See id.* The Eighth Circuit has also specifically held that the ALJ must explain how the factors of supportability and consistency are considered. *See, e.g., Bonnett v. Kijakazi,* 859 F. App'x. 19 (2021) (unpublished).

Plaintiff claims the ALJ erred in assessing the opinions of Dr. Newsome and two of the SSA's consulting physicians. In his decision, the ALJ summarized Dr. Newsome's opinions. The ALJ then discounted those opinions as follows:

> Dr. Newsome opined that the claimant has no limitations in the ability to stand, sit, lift, carry, handle, hear or speak. He noted limitations walking because of dyspnea, which were unspecified. (8F) This opinion is partially persuasive.

(Tr. 36). Clearly the ALJ did not consider the supportability and consistency of Dr. Newsome's opinions as required by 20 C.F.R. §§ 404.1520c(c) and 416.920(c) and *Bonnett v. Kijakazi*. Thus, this case should be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 27th day of September 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE